UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

KEVIN E. GILMORE,

            Plaintiff,

      v.

WILSHIRE QUINN CAPITAL INC., et al.,

            Defendants.

Case No. 24-cv-04112-YGR    (PHK)

**ORDER RE: SCHEDULING OF PLAINTIFF'S DEPOSITION**

Re: Dkt. 67

All discovery matters in this case have been referred to the undersigned. [Dkt. 65]. Now before the Court is a discovery letter brief filed by Defendants Wilshire Quinn Capital, Inc. ("WQC") and Wilshire Quinn Income Fund REIT, LLC ("WQIF") (collectively "Defendants") regarding scheduling Plaintiff Kevin Gilmore's ("Plaintiff") deposition. [Dkt. 67]. The Court finds this matter suitable for resolution at this stage without oral argument. *See* Civil L.R. 7-1(b). After carefully reviewing the letter brief and all relevant submissions, the Court issues the following Order.

**LEGAL STANDARD**

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). The Court's discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). For example, the Court may

limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

The relevant legal standards for discovery are well-known. Rule 26(b)(1) delineates the scope of discovery in federal civil actions and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Information need not be admissible to be discoverable. *Id.* Relevancy for purposes of discovery is broadly defined to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978)); *see also In re Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 18-MD-2843 VC (JSC), 2021 WL 10282215, at *4 (N.D. Cal. Sept. 29, 2021) ("Courts generally recognize that relevancy for purposes of discovery is broader than relevancy for purposes of trial.") (alteration omitted).

While the scope of relevance is broad, discovery is not unlimited. *ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 531 (N.D. Cal. 2015) ("Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries."). Information, even if relevant, must be "proportional to the needs of the case" to fall within the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1). The 2015 amendments to Rule 26(b)(1) emphasize the need to impose reasonable limits on discovery through increased reliance on the commonsense concept of proportionality: "The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry. The [proportionality requirement] is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. In evaluating the proportionality of a discovery request, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense

United States District Court
Northern District of California

of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The party seeking discovery bears the burden of establishing that its request satisfies the relevancy requirements under Rule 26(b)(1). *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). The resisting party, in turn, has the burden to show that the discovery should not be allowed. *Id.* The resisting party must specifically explain the reasons why the request at issue is objectionable and may not rely on boilerplate, conclusory, or speculative arguments. *Id.*; *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied.").

With regard to proportionality, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. "A party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination. A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

As part of its inherent discretion and authority, the Court has broad discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (*citing Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). Similarly, a district court's determination as to proportionality of discovery is within the district court's discretion. *See Jones v. Riot Hospitality Grp. LLC*, 95 F.4th 730, 737-38 (9th Cir. 2024) (finding district court did not abuse discretion on proportionality ruling). Ultimately, "the timing, sequencing and proportionality of discovery is left to the discretion of the Court." *Toro v. Centene Corp.*, No. 19-cv-05163 LHK (NC), 2020 WL 6108643, at *1 (N.D. Cal. Oct. 14, 2020).

### DISCUSSION

Defendant's    Letter    Brief    presents    a    dispute    over    scheduling    Plaintiff's

3

deposition. Defendants have filed their Discovery Letter Brief on this dispute [Dkt. 67] without obtaining the input of Plaintiff (who is appearing *pro se*). Defendants have attached as exhibits to their brief several email strings between Defendants' counsel and Plaintiff, to at least provide some insight into Plaintiff's communications on the current dispute. *Id.* at Exhs. 1-4 and 6.

The Court's Standing Discovery Order requires all discovery disputes to be presented as a Joint Discovery Letter so that the Court has the input of both Parties. *See* Standing Discovery Order at Section H(3). Defendants' reason for filing this as a unilateral discovery letter brief is the alleged difficulty in communicating with this *pro se* Plaintiff regarding scheduling of his deposition, as well as the impending fact discovery cutoff date of February 6, 2026. [Dkt. 67 at 1-2] There are also apparently issues concerning whether Plaintiff is now represented by attorney Kenneth V. Walton in this litigation (and thus whether the scheduling of the deposition should accommodate that lawyer's availability as well), given that no attorney has entered appearance for Plaintiff. *Id.* at 2-3.

The record presented indicates that there were weeks of emails in which the Parties attempted to negotiate a date for the Plaintiff's deposition. *Id.* at Exhs. 1-4 and 6. Section D of the Court's Standing Discovery Order regarding scheduling of depositions requires an objecting party to provide alternate dates for an objectionable deposition date. Based on the emails provided, Plaintiff apparently suggested deposition dates which are after the fact discovery cutoff and has proposed starting the deposition at 6 PM. *Id.* at Exh. 3. Ultimately, Defendant noticed the deposition for January 9, 2026 (to be taken by remote means) and Plaintiff failed to appear at the deposition as noticed. *Id.* at 3. Plaintiff failed to file a motion for a protective order and no counsel for Plaintiff appeared either before, during, or after the noticed deposition.

Based on the record presented, the Parties have not fully met and conferred (either in person or by video conference) as required by the Court's Standing Discovery Order regarding this dispute. *See* Standing Discovery Order at Section H(1)-(2). Accordingly, the Court **ORDERS** the Parties to meet and confer either in-person or by videoconference call on or before **Tuesday, January 27, 2026** to finalize the schedule for Plaintiff's deposition. The Court further **ORDERS** counsel for Defendants to contact by telephone or in-person meeting attorney Kenneth V. Walton regarding this

United States District Court
Northern District of California

4

Order, the obligation to meet and confer, and for the purpose of obtaining his email address, fax number, and current contact address.

If attorney Kenneth V. Walton is representing or advising Plaintiff in this matter (including with regard to this deposition), attorney Kenneth V. Walton is **ORDERED** to participate in this meet and confer process. Until attorney Kenneth V. Walton enters appearance in this case, Plaintiff is reminded that Plaintiff personally must continue to comply with this Court's orders and directives regarding the conduct of discovery in this case, including his participation in this ordered meet and confer.

The Parties are **ORDERED** to file a Joint Status Report on the results of this meet and confer on or before **Wednesday, January 28, 2026**.

During the meet and confer, the Parties are directed that Plaintiff's deposition **SHALL** be taken on a mutually available date on or before the fact discovery cutoff (whether the current deadline or any deadline extended by Judge Gonzalez Rogers). However, the Court **ORDERS** that this deposition may be scheduled for and taken on the earliest mutually-available date after the fact discovery cutoff deadline, if no date prior to the fact discovery cutoff is available for all the Parties and their counsel.

For clarity on the logistics of the deposition, the Court **ORDERS** that Plaintiff's deposition **SHALL** commence at 9 AM on the day noticed, and **SHALL** last for no more than 7 hours on the record. *See* Fed. R. Civ. P. 30(d)(1). The Parties may, by mutual agreement, set the start time for the deposition at a different time of day. But to be clear, Plaintiff is not authorized to demand that the deposition start at 6 PM absent a showing of good cause and a Court Order confirming such a late start time. The Parties may, by mutual agreement, convert the deposition to an in-person deposition, and may also, by mutual agreement, extend the 7-hour time limit for the deposition. Nothing in this Order either requires or prohibits any mutual agreements altering the ordered logistics for this deposition.

The Court **ORDERS** counsel for Defendants to send by email, fax, and overnight express delivery service a courtesy copy of this Order to attorney Kenneth V. Walton at his address available on the California State Bar website's directory of licensed attorneys. Further, because Plaintiff has

United States District Court
Northern District of California

5

identified Kenneth V. Walton as his counsel for this matter to counsel for Defendants, counsel for Defendants are reminded of their ethical obligations and are directed, at a minimum, to contemporaneously "cc" attorney Kenneth V. Walton on all correspondence and emails with Plaintiff (at least until attorney Walton enters appearance or confirms he is not Plaintiff's counsel for this matter).

Upon receipt of this Order, attorney Kenneth V. Walton is directed to enter an appearance on behalf of Plaintiff without delay if that attorney is, in fact, representing or advising Plaintiff in this matter. If attorney Kenneth V. Walton is not representing Plaintiff in this litigation (including in connection with this deposition), attorney Kenneth V. Walton is **ORDERED** to file a Notice with the Court immediately as to his status with regard to representing (or not representing ) Plaintiff in this matter (including with regard to this deposition).

Because Plaintiff has apparently not registered as an e-Filer with the Court's ECF system, and because of the upcoming fact discovery cutoff deadline, the Court further **ORDERS** counsel for Defendants to email a copy of this Order to Plaintiff (at his email address with which the Parties have been corresponding, *see e.g.*, Exhs. 1-4 and 6) immediately and to serve without delay a hard copy of this Order on Plaintiff via overnight delivery service to his mailing address. In the Joint Status Report ordered herein, Defendant shall also report on the status of serving this Order on Plaintiff and attorney Walton.

Further, the Court **ORDERS** Plaintiff to immediately update his contact information on the Court's ECF system to include his email address and to register as an e-Filer so that he may receive case filings without delay.

The Court recognizes that Plaintiff is proceeding *pro se*. Under this Court's Civil Local Rules, "[a] person representing him or herself without an attorney is bound by the Federal Rules, as well as by all applicable local rules." *See* Civil L.R. 3-9(a). While members of the bar of this Court are required to be familiar with the Court's Guidelines for Professional Conduct, *see id.* L.R. 11-4, those guidelines may also help provide guidance for *pro se* litigants on the type of behavior which the Court expects when litigating a case. *See* https://cand.uscourts.gov/forms/guidelines-for-professional-conduct/. For example, "[a] lawyer should work to achieve his or her client's lawful

and meritorious objectives *expeditiously and as economically as possible in a civil and professional manner*." *Id.* at Guideline 2 (emphasis added). Further, "[a] lawyer should make reasonable efforts to schedule meetings, hearings, and discovery by agreement whenever possible and should consider the scheduling interests of opposing counsel, the parties, witnesses, and the court. . . . A lawyer should not arbitrarily or unreasonably withhold consent to a request for scheduling accommodations." *Id.* at Guideline 3. Specifically with regard to discovery, "[a] lawyer should conduct discovery in a manner designed to ensure the timely, efficient, cost effective and just resolution of a dispute." *Id.* at Guideline 9.  While the Court recognizes that these are guidelines for lawyers, as noted the Court brings them to Plaintiff's attention as guidance for the general character of conduct expected of litigants in federal court.

<strong>ADVISEMENT OF PRO SE RESOURCES</strong>

Plaintiff is **ADVISED** that there are several resources for *pro se* litigants.  The Court makes available a guide for *pro se* litigants called "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," which provides instructions on how to proceed at every stage of a case, including discovery, motions, and trial. This guide is available electronically online at https://cand.uscourts.gov/representing-yourself/pro-se-handbook or in hard copy free of charge from the office of the Clerk of Court. The Court additionally has a webpage with resources for *pro se* litigants: https://cand.uscourts.gov/representing-yourself.

This Order **RESOLVES** Dkt. 67.

**IT IS SO ORDERED.**

Dated: January 22, 2026

PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California