UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

KEVIN E. GILMORE,

Plaintiff,

v.

WILSHIRE QUINN CAPITAL INC., et al.,

Defendants.

Case No. 24-cv-04112-YGR  (PHK)

**ORDER RE: DISPUTE REGARDING COMPLETION OF PLAINTIFF'S DEPOSITION**

Re: Dkt. 74

All discovery matters in this case have been referred to the undersigned. [Dkt. 65]. Now before the Court is a discovery letter brief filed by Defendants Wilshire Quinn Capital, Inc. ("WQC") and Wilshire Quinn Income Fund REIT, LLC ("WQIF") (collectively "Defendants") concerning Plaintiff Kevin Gilmore's ("Plaintiff") failure to sit for his entire deposition and his refusal to schedule the completion of his deposition. [Dkt. 74]. Defendants seek an Order compelling Plaintiff to agree to a schedule for, and then attend, the remainder of the time set for his deposition (to be taken remotely). *Id.* Defendants also seek the imposition of various sanctions. *Id.*

The Court finds the dispute suitable for resolution without oral argument. *See* Civil L.R. 7-1(b). After carefully reviewing the letter brief and all relevant submissions, the Court issues the instant Order.

**LEGAL STANDARD**

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). The Court's discretion

extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). For example, the Court may limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

Pursuant to 28 U.S.C. § 636, the jurisdiction and authority of a Magistrate Judge to determine pretrial matters pending before the district court is established by well-known parameters. Regarding discovery sanctions, "[t]he authority of [Magistrate Judges] to impose discovery sanctions is established by 28 U.S.C. § 636 and recognized by [... prior Ninth Circuit] decisions." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). Magistrate Judge jurisdiction to impose discovery sanctions turns on "whether the [sanctions] order is construed as non-dispositive or dispositive." *Id.* (citing Fed. R. Civ. P. 72 (implementing the Federal Magistrates Act, 28 U.S.C. §§ 604, 631–639)). If a matter is dispositive of a claim or defense of a party, Magistrate Judges shall confine themselves to entering "a recommended disposition" of the matter. Fed. R. Civ. P. 72(b). On the other hand, if a matter is not dispositive, a Magistrate Judge may enter "a written order stating the decision" and the district court shall defer to this order unless the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

**DISCUSSION**

This is not the first dispute presented to the undersigned regarding scheduling and taking of Plaintiff's deposition. *See* Dkt. 67.  In a previous Order dated January 23, 2026, this Court ordered the Parties (including Plaintiff) to cooperatively meet and confer regarding the scheduling and taking of Plaintiff's long-delayed deposition, particularly in light of the impending fact discovery cutoff date. [Dkt. 68 at 4-6].  While the deposition was scheduled and started on January 30, 2026, Defendants aver that Plaintiff refused to return for the completion of his deposition after the lunch break. [Dkt. 74 at 1].  In an email sent during that lunch break, Plaintiff reported a medical issue which necessitated his stopping the deposition. *Id.* at Exh. 1.

Since that date, Plaintiff has refused to schedule a date for the completion of his deposition,

citing advice from his medical team and attaching a note from a medical care provider. *Id.* at Exh. 3. As a result, Defendants filed the instant Discovery Letter Brief, instead of a Joint Discovery Letter Brief as required by this Court's Standing Discovery Order. *Id.*

This is the second time Defendants have filed a unilateral Discovery Letter Brief (instead of a Joint Discovery Letter Brief) in violation of this Court's Standing Discovery Order. As with the previous unilateral letter brief, Defendants aver that Plaintiff's *pro se* status and positions on the dispute should excuse the failure to file a Joint Discovery Letter Brief. Here, Defendants cite an email from Plaintiff which allegedly "had nothing to add [to the Discovery Letter Brief] except irrelevant comments regarding his alleged fraud cause of action[.]" *Id.* at 3 and Exh. 4.

While the attachment of Plaintiff's email as an exhibit provides the Court with some insight into his arguments, that does not substitute for a Joint Discovery Letter Brief as required by the Court's Standing Discovery Order. Whether or not Defendants' counsel believes Plaintiff's arguments are "irrelevant" is for the Court to decide, not Defendants. The Court also notes that Defendant's counsel requested an immediate teleconference with the undersigned without filing the instant Discovery Letter Brief, citing Section D of the Standing Discovery Order. However, Section D of the Standing Discovery Order expressly applies to "a dispute [which] arises during a deposition which requires immediate attention by the Court, and which involves a persistent obstruction of the deposition or a refusal to answer a question in violation of this Standing Order[.]" *See* Standing Discovery Order at Section D. That is, Section D is a mechanism (common to many courts) for Parties to get immediate relief on a dispute taking place **during** a deposition involving objections or refusals to answer. Section D is not a vehicle for avoiding the obligation to submit a properly formatted discovery letter brief or motion on a dispute to the Court days **after** a deposition has taken place. Defendant's counsel's request for an immediate teleconference is simply unjustified by the express language of the Standing Discovery Order. That attempt to avoid briefing this dispute suspiciously smacks of gamesmanship and raises the specter of an improper attempt to improperly pressure a *pro se* opposing party.

On the other hand, there appears to be problematic issues with Plaintiff's approach to discovery here (and in the previous discovery dispute). Plaintiff appears to be under the

United States District Court
Northern District of California

misapprehension that he can either delay or refuse to participate in preparation and filing of Joint Discovery Letter Briefs.  That is not how the Standing Discovery Order and the Local Rules operate – the Parties may disagree on the merits of a dispute, but that does not justify foot-dragging and making unsupported accusations about "wilfully misleading the Court if you file this." [Dkt. 74 at Exh. 4].  The proper procedure is for both Parties to include in a Joint Discovery Letter Brief their arguments on the merits of the dispute.  If one party truly believes the other side is filing a "lie to the Court" then such an accusation needs to be supported and explained.  Refusal to cooperate or unduly delaying cooperation in the preparation of a Joint Discovery Letter Brief is a violation of the Court's Standing Discovery Order, the Local Rules, and the guidelines for cooperative behavior for all Parties which the Court previously warned the Parties about in its January 23 Order.  [Dkt. 68 at 6-7].

From the emails between the Parties and Defendants' statements in the Discovery Letter Brief, it is evident that the relationship between the Parties has devolved below the basic level of cooperation expected by the Court and the rules.  Those failures to cooperate are disappointing, to say the least.  *See* Adv. Comm'ee Notes to 2015 Amendment to Fed. R. Civ. P. 1 ("Rule 1 is amended to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action*, so the parties share the responsibility to employ the rules in the same way*. Most lawyers and parties cooperate to achieve these ends. But discussions of ways to improve the administration of civil justice regularly include pleas to discourage over-use, misuse, and abuse of procedural tools that increase cost and result in delay. Effective advocacy is consistent with — and indeed depends upon — cooperative and proportional use of procedure.") (emphasis added).  The Court again admonishes all Parties to fully comply with the Civil Local Rules, the Federal Rules of Civil Procedure, the Court's Standing Discovery Order, and the Court's Guidelines for Professional Conduct.  Plaintiff's *pro se* status does not excuse him from compliance with the applicable rules and Orders of this Court. The Court hereby **WARNS BOTH PARTIES** that failure to work cooperatively going forward and failure to comply with the Standing Discovery Order, the Local Rules, the Federal Rules of Civil Procedure, or this Court's Orders will expose the noncompliant Party to sanctions under Rule 37, under the Court's inherent

United States District Court
Northern District of California

4

authority, and any other applicable rule or statute.

As to the current dispute, Plaintiff's emails attached as exhibits to the Letter Brief indicate that he received unattributed medical advice "to not do depositions at this time" and in support cited a note from a medical provider.  [Dkt. 74 at Exh. 3].  That note from Plaintiff's medical provider does not reference depositions or any "advice" not to sit for a deposition, however.  *Id.*  That note states that Plaintiff "is being monitored for blood pressure elevations and may experience significant/serious blood pressure elevations with stress."  *Id.*   The Court is sensitive to the medical issues raised, and recognizes that sitting for a deposition may involve a certain amount of stress.  However, the record presented to the Court does not support Plaintiff's assertion that he was advised not to sit for his deposition.  At best, the medical note states the obvious:  that a person's blood pressure could be elevated with stress.  Significantly, there is no indication or reference to hospitalization, medication, treatment, or any actual disability in the medical evidence provided.  Nor is there any causal link discussed between Plaintiff's blood pressure and the deposition.  The note states simply that Plaintiff is being monitored.

Further, as Defendants note, on the afternoon of the day Plaintiff refused to return to complete his deposition, he was apparently able to finalize and file his motion for summary judgment.  *Id.* at 2 (citing Dkt. 72).  That is, the medical condition raised by Plaintiff did not prevent him from advancing his side of this case on the very day he walked out of his deposition.

Based on the record presented, Plaintiff has not demonstrated that he is unable to sit for the completion of his deposition.  Accordingly, the Court **ORDERS** the Parties to meet and confer promptly and to work cooperatively on a mutually agreeable earliest available date and time for the completion of Plaintiff's deposition (to be taken remotely).  The Court **ORDERS** the Parties to meet and confer either in-person or by videoconference call on or before **Friday, February 6, 2026** to finalize the schedule for Plaintiff's deposition.  The Parties are directed that Plaintiff's deposition **SHALL** be completed on a mutually available date on or before the fact discovery cutoff (whether the current deadline of February 6 or any deadline extended by Judge Gonzalez Rogers). However, the Court **ORDERS** that if no date prior to the fact discovery cutoff is available for all the Parties and their counsel, the completion of this deposition shall be scheduled for and taken on the earliest

*United States District Court*
*Northern District of California*

mutually-available date after the fact discovery cutoff deadline.

The Parties are **ORDERED** to file a Joint Status Report on the results of the required meet and confer on or before **Monday, February 9, 2026**.

Because of the medical issues raised, the Court **ORDERS** that the deposition shall be taken remotely and shall include breaks (each no shorter than ten minutes) after each hour on the record, to address the concerns about Plaintiff's medical issues. The Court further **ORDERS** the Parties to mutually agree to more frequent breaks during the deposition if appropriate to accommodate Plaintiff's medical issues. There shall be no break while a question is pending, however. The Court further **ORDERS** the Parties to discuss and consider scheduling the remainder of this deposition spread over two consecutive days (where each day would consist of two and one-half hours on the record), if necessary to further address and mitigate Plaintiff's medical issues. For further clarity on the logistics of the deposition, the Court **ORDERS** that the remainder of Plaintiff's deposition **SHALL** last for no more than five (5) hours on the record. *See* Fed. R. Civ. P. 30(d)(1). The Parties **SHALL**, by mutual agreement, set the start time for the deposition at a mutually agreeable, reasonable time of day. The Parties may, by mutual agreement, extend or reduce the remaining 5-hour time limit for the deposition and the Court directs Defendant's counsel to take reasonable steps to complete the deposition in less time than the full five hours. Nothing in this Order either requires or prohibits any mutual agreements altering the ordered logistics for the completion of this deposition.

The Court further **ORDERS** counsel for Defendants to email a copy of this Order to Plaintiff (at his email address with which the Parties have been corresponding, *see, e.g.*, Exhs. 1-4) immediately and to serve without delay a hard copy of this Order on Plaintiff via overnight delivery service to his mailing address. If he has not done so already, Plaintiff is **ORDERED** to immediately update his contact information on the Court's ECF system to include his email address and to register as an e-Filer so that he may receive case filings without delay.

With regard to Defendants' request for monetary sanctions under Fed. R. Civ. P. 37, [Dkt. 74 at 3], the Court exercises its discretion and **DENIES WITHOUT PREJUDICE** that request for monetary sanctions. The Court, however, provides **NOTICE** to Plaintiff that simply leaving his

United States District Court
Northern District of California

deposition and refusing to return (and refusing to schedule the completion) is not the proper procedure for handling the issues raised. If Plaintiff refuses to cooperate in scheduling and/or refuses to appear for the completion of his deposition, Plaintiff is warned that such conduct will expose Plaintiff to sanctions. Further, if Plaintiff appears for part of and then unilaterally departs his deposition again, it is incumbent on Plaintiff to **IMMEDIATELY** thereafter file a motion seeking appropriate relief and to explain why there was good cause to interrupt his deposition yet again. Plaintiff is warned that unilaterally departing his deposition without seeking relief from the Court or without showing sufficient good cause will also expose Plaintiff to sanctions.

With regard to Defendants' request for sanctions in the form of evidentiary sanctions barring Plaintiff from introducing certain testimony either at or before trial, the undersigned notes that such a request as it pertains to trial is more properly addressed to the presiding District Judge. As such, to the extent the request is for trial-related sanctions, that request is **DENIED WITHOUT PREJUDICE** for lack of proper jurisdiction under the Referral Order. For the same reasons, to the extent the request is for evidentiary sanctions with regard to declarations submitted to the presiding District Judge in connection with pretrial motions or other matters, that request is also **DENIED WITHOUT PREJUDICE** for lack of proper jurisdiction and because such request is premature. To the extent the request extends to declarations submitted to the undersigned in connection with discovery issues before trial, that request is premature and, on that basis, **DENIED WITHOUT PREJUDICE**.

This Order **RESOLVES** Dkt. 74.

**IT IS SO ORDERED.**

Dated: February 4, 2026

PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California

7