# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

KEVIN E. GILMORE,

Plaintiff,

v.

WILSHIRE QUINN CAPITAL, INC. ET AL.,

Defendants.

Case No. 4:24-CV-04112-YGR

**ORDER DISMISSING CASE FOR LACK OF JURISDICTION**

Re: Dkt. Nos. 72, 78

The Court previously reviewed the parties' cross motions for summary judgment (Dkt. Nos. 72, 78) and ordered the parties to submit supplemental briefing as to whether the Court properly has subject matter jurisdiction over this action (Dkt. No. 93). The Court has reviewed the parties' briefs (Dkt. Nos. 94, 95) and has confirmed that it lacks subject matter jurisdiction for the reasons set forth below. Accordingly, the Court **DISMISSES** the action.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They may only hear cases over which they have subject matter jurisdiction. *See People of State of Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979). There are two relevant bases for original subject matter jurisdiction: federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States[,]" and diversity jurisdiction, where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. §§ 1331, 1332(a). Courts have an ongoing "obligat[ion] to consider *sua sponte* whether" they have cases subject matter jurisdiction over cases in front of them. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). If the court determines that it lacks subject matter jurisdiction, it may

United States District Court
Northern District of California

dismiss the action *sua sponte. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003).

The Court lacks subject matter jurisdiction over this action. Diversity jurisdiction does not exist because the parties are not diverse. Plaintiff is a citizen of California, and at least one defendant is a citizen of California. (Dkt. No. 94.) A corporation is a citizen of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated. 28 U.S.C. § 1332(c)(1). Defendant Wilshire Quinn Capital Inc.[1] alone destroys diversity because it is incorporated, and has its principal place of business, in California. (Dkt. No. 94.) Plaintiff's argument that defendants are "primarily" citizens of Delaware does not persuade because defendant Wilshire Quinn Capital Inc. is a citizen of only California. Plaintiff does not satisfy the complete diversity requirement.

The Court also lacks federal question jurisdiction. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A case may "arise under" federal law in two ways. *Gunn v. Minton*, 568 U.S. 251, 257 (2013). "Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Id.* at 257. A "special and small category" of cases arise under federal law where "a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 258.

Here, although plaintiff initially advanced a federal claim under the Truth in Lending Act ("TILA") and the Investment Company Act ("ICA"), the Court twice dismissed those claims with leave to amend, which plaintiff elected to abandon. (Dkt. No. 52.) Plaintiff's remaining claims are state law claims for fraud and breach of contract. (Dkt. No. 50.) Plaintiff argues that his action arises under federal law because the property in question was at one point involved in HUD's affordable housing program, and other federal laws (including TILA and RESPA) are implicated. (Dkt. No. 95.) Those programs (and claims) are not necessarily raised or actually disputed. Unlike in *Evergreen*

---

[1] Defendants attempt to identify the citizenship of Wilshire Quinn Income Fund REIT, LLC based on the location of its offices in California. That is not the correct inquiry. An LLC is a citizen of every state in which its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

*Square of Cudahy v. Wisconsin Hous. & Econ. Dev. Auth.*, the out-of-circuit authority that plaintiff cites, plaintiff's breach-of-contract cause of action does not depend on "the proper interpretation of Section 8 and HUD's implementing guidance." 776 F.3d 463, 467 (7th Cir. 2015). The Court has reviewed the parties' motions for summary judgment and has determined that neither state law claim implicates federal law or the interpretation of a federal policy. The Court thus lacks arising under jurisdiction.

Moreover, the Court notes that the California Court of Appeal recently affirmed the superior court's order sustaining defendant's demurrer, without leave to amend, as to the *same* breach of contract and fraud claims. Even if the Court had jurisdiction over this claim, the Court would not now enter the fray and enter a competing judgment on the merits, particularly where plaintiff's claims are likely precluded. [2]

For the reasons set forth in this Order, the Court **DISMISSES** this case for lack of subject matter jurisdiction.

The Clerk of Court is ordered to close the case.

This terminates Dkt. Nos. 72, 78.

**IT IS SO ORDERED.**

Dated: May 8, 2026

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

---

[2] Despite entry of judgment, defendant argued that plaintiff's claims were not precluded because the appeal, at the time the statement was filed, was pending. Because the Court dismisses for lack of jurisdiction, the Court will not address defendant's analysis.

3